UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBORAH C. COLLIER, | : |
| Plaintiff | : |
| vs. | : CIVIL ACTION |
| | : NO. 5:04-CV-0297-2 |
| AMERICAN INTERNATIONAL MOVERS, | : |
| INC., a Subsidiary OF HI-BOY | : |
| GROUP, INC., AND NED GLOBAL, | : |
| Individually and in his | : |
| Capacity as General Manager, | : |
| Defendants | : |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Deborah C. Collier, is an individual that is a citizen of the State of Georgia.

2. Defendant, American International Movers, Inc., a subsidiary of Hi-Boy Group, Inc., is a corporation that is incorporated under the laws of the State of Georgia. Defendant has its principal place of business in the State of Georgia. Defendant may be served with process by serving its registered agent, Robert Melton, at 87 North Lee Street, Forsyth, Georgia 30129. Defendant is a moving and storage company and has, on information and belief, in excess of 15 employees.

1

3. Defendant, Ned Global, is an individual that is a citizen of the State of Georgia, and is subject to jurisdiction of this Court. Defendant may be served with process by serving him at his place of employment, located at 1611 Nixon Road, Augusta, Georgia 30916.

**B. Jurisdiction**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331 and 1367(a). Deborah C. Collier's cause of action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), and state law.

5. Venue is proper pursuant to 28 U.S.C.A. § 1391. This is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**C. Exhaustion of Administrative Procedures**

6. Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against defendants. Plaintiff received notices of the right to sue from the EEOC within 90 days of the filing of this complaint. A copy of the notices of the right to sue is attached as Exhibit A.

**D. Statement of Facts**

7. Plaintiff, an African American female, interviewed for the position of Receptionist and was hired on or about March 18,

2002 and informed that her position had been upgraded to Administrative Assistant. Plaintiff was interviewed by the Sales Manager William Lowe, a white male, and the CEO Henry Hicks, a white male.

8. About week in Plaintiff's employment, the General Manager, Neb Global, a white male, returned from his vacation and made the comment to Plaintiff to the effect that he was surprised that Henry Hicks had hired Plaintiff another black lady and that they already hired another black lady.

9. Ned Global made Plaintiff aware that he resented the fact Plaintiff had been hired to work in his office; he was rude and talked in a demeaning manner to Plaintiff whenever she attempted to ask questions pertaining to her job, making it difficult for Plaintiff to perform her job.

10. Ned Global inquired about Plaintiff's race and when told Plaintiff was black, he remarked to the effect that "there must have been a nigger in the wood work."

11. When Plaintiff was in the front office with her lunch in the microwave, Ned Global would comment about the smell of the food and makes jokes about black people loving chicken.

12. Plaintiff went to other supervisors and Ned Global and complained about being harassed sexually by male employees on the job and Ned Global did nothing to stop the harassing and

unwelcomed conduct, while similarly situated white employees' complaints were handled in a timely manner.

13. Plaintiff was told by William Lowe, and others, that Ned Global wanted to rehire a former white female employee named Michelle, and that he was going to get rid of Plaintiff and that he was going to find a reason to do so.

14. Plaintiff had just completed her ninety (90) day probationary period and a letter was sent from the CEO Henry Hicks thanking Plaintiff for a good job and giving her a fifty (.50) cents raise. Plaintiff asked Ned Global for a copy of the letter, but he refused to give it to her and said the letter would be put in her personnel file.

15. Plaintiff was forced to perform her job in different rules, policies, and practices than were used for similarly situated white employees.

16. Plaintiff performed her job in an exemplary manner, complied with company policies, and was an asset to her employer.

17. When Plaintiff complained to Ned Global, he asked Plaintiff if she was in a dilemma and when Plaintiff asked him what he meant, he told Plaintiff, "Let me take you out of your dilemma, you're fired."

18. As a result of Defendants' wrongful conduct, Plaintiff suffered, and continues to suffer, emotional anguish, loss of

sleep, upset stomach, headaches, and loss of enjoyment of life, and loss of income and benefits for herself and her children.

### E. Additional Allegations Federal Constitutional Claims

19. Upon information and belief, Defendants have policies and procedures, or should have policies and procedures, to prevent and remedy race discrimination and sexual harassment as suffered by Plaintiff.

20. The acts and omissions alleged above by Defendants were committed with deliberate indifference towards the well-being and rights of Plaintiff.

21. All of the acts or omissions alleged above by Defendants were committed intentionally and purposefully because of Plaintiff's race and sex, and because Plaintiff asserted her constitutional rights to complain on her own behalf.

22. The acts and omissions alleged above by Defendants were committed intentionally and purposefully because Plaintiff complained about the disparate treatment she was receiving.

### F. Additional Allegations Federal State Tort Claims

23. At all times relevant herein, Defendant Global were acting in the scope of his employment.

24. Defendants owed Plaintiff a duty of care to ensure the safety and well-being of Plaintiff and to be afforded an environment free of harassment and abuse. This overall duty of

5

care encompassed a duty to supervise the conduct of all supervisory personnel of employees, including Defendant Global, to enforce rules and regulations necessary for the protection of employees, and to take appropriate measures to protect employees from the misconduct of supervisory personnel such as Defendant Global. Defendant Global, in the course and scope of his duties as an employee of American International Movers, Inc., had a duty to exercise due care to protect Plaintiff from harassment and abuse whether by others or himself, Defendant Global. Defendants owed every duty alleged in this paragraph to Plaintiff.

### FIRST CLAIM FOR RELIEF
### Title VII, 42 U.S.C.A. § 1981 and other law.

25. Plaintiff incorporates by reference and realleges paragraphs 1 to 24 of this complaint.

26. The above-described conduct by Defendants violated the right of Plaintiff to be treated equal with respect to the terms, conditions, privileges, and benefits of employment in the same manner as similarly situated white employees, in violation of federal law.

27. Plaintiff requests that the Court issue an injunction ordering Defendants to desist and cease discriminatory treatment against Plaintiff, and other female employees similarly

6

situated, and that Defendant desist and cease disparate treatment in the terms, conditions, benefits and discharge of Plaintiff, and that the Court award compensatory and punitive damages in an amount to be determined according to proof by Plaintiff against all Defendants.

## SECOND CLAIM FOR RELIEF

**Title VII, 42 U.S.C.A. § 1981 Retaliation, and other law.**

28. Plaintiff incorporates by reference and realleges paragraphs 1 to 27 of this complaint.

29. The above-described conduct by Defendants violated Plaintiff's right to free from retaliation for complaining about employment discrimination affecting herself, resulting in Plaintiff's immediate discharge by Ned Global, in violation of federal rights.

30. Plaintiff seeks compensatory and punitive damages in an amount to be determined according to proof by Plaintiff against all Defendants.

## THIRD CLAIM FOR RELIEF

**State Common Law Claim for Negligence**

31. Plaintiff incorporates by reference and realleges paragraphs 1 to 30 of this complaint.

32. Defendants negligently failed to protect Plaintiff from race discrimination and sexual harassment. Defendants'

negligent failure to protect Plaintiff from race discrimination and sexual harassment was done in bad faith.

33. As a result of defendants' negligence, plaintiff was deprived of the terms, conditions, privileges, and benefits of employment free from race discrimination and sexual harassment, and suffered physical and emotional injuries alleged herein.

34. Plaintiff requests that the Court award compensatory and punitive damages in an amount to be determined according to proof by Plaintiff against all Defendants.

## FOURTH CLAIM FOR RELIEF

### Common Law Claim for Negligent Training and Supervision

35. Plaintiff incorporates by reference and realleges paragraphs 1 to 34 of this complaint.

36. Defendant American International Movers, Inc. was negligent in failing to adequately train and supervise their employees and subordinates, including Defendant Global. Defendants' negligent failure to train and supervise was done in bad faith.

37. As a result of defendant American International Movers, Inc.'s negligence, plaintiff was deprived of the terms, conditions, privileges, benefits of employment free from race discrimination and sexual harassment, and suffered physical and emotional injuries alleged herein.

38. Plaintiff requests the Court award compensatory and punitive damages in an amount to be determined according to proof by Plaintiff against Defendants.

### FIFTH CLAIM FOR RELIEF

**State Common Law Claim for Intentional Infliction of Emotional Distress**

39. Plaintiff incorporates by reference and realleges paragraphs 1 to 38 of this complaint.

40. In the course of performing American International Movers, Inc.'s corporate responsibilities, and Defendant Global' job responsibilities, Defendants engaged in extreme and/or outrageous conduct with the intention of, and with reckless disregard for, causing emotional distress to Plaintiff.

41. As a result of Defendants' actions, Plaintiff suffered severe and extreme emotional distress as alleged herein.

42. Plaintiff requests that the Court award compensatory and punitive damages in an amount to be determined according to proof by Plaintiff against all Defendants.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff demands a judgment in her favor against Defendants, jointly and severally, as appropriate in each case, and requests the following relief:

a. A declaration that Defendants' actions, policies and practices complained of herein violate the rights of Plaintiff as secured by Title VII, Section 1981, and/or Georgia law;

b. An order enjoining Defendants from violating the above referenced federal statutes in the future;

c. Compensatory, punitive, liquidated, and other appropriate damages (including back pay and/or front pay);

d. Pre- and post- judgment interest;

e. Costs and reasonable attorneys' fees in this action; and

f. Such other and further relief as the Court deems appropriate and in the interests of justice.

**PLAINTIFF REQUEST TRIAL BY JURY.**

Dated: September 15, 2004.

Respectfully Submitted,

SHEPPARD & ASSOCIATES

*/s/ Sandra J. Sheppard*
SANDRA JACKSON SHEPPARD
Georgia Bar No. 641967
1401 Peachtree St., Suite 500
Atlanta, Georgia 30309
(404) 870-8414
(404) 870-8415 Fax
**Attorney for Plaintiff**

EEOC Form 161-A (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Deborah C. Collier<br>3524 Byron Rd.<br>Augusta, GA 30906 | From: | Atlanta District Office, EEOC<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 11A-2003-00023 | Vera J. Sims,<br>State & Local Coordinator | (404) 562-6860 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    **JUN 1 5 2004**
Enclosure(s)      Bernice Williams-Kimbrough,      *(Date Mailed)*
                  Director

cc: **AMERICAN INTERNATIONAL MOVING & STORAGE**

EXHIBIT A